ERIE RAILROAD COMPANY, A CORPORATION OF THE STATE OF NEW YORK, PETITIONER, v. WILLIAM D. KELLY, STATE TAX COMMISSIONER OF THE STATE OF NEW JERSEY, AND CITY OF JERSEY CITY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS.

Submitted May 2, 1944—Decided June 5, 1944.

Before Justices CASE, BODINE and PORTER.

For the petitioner, *Collins & Corbin* (*Robert J. Bain*).

For Jersey City, *Charles A. Rooney, John F. Lynch, Jr.,* and *Edward M. Malone.*

For the State of New Jersey, *Walter D. Van Riper* and *Benjamin C. Van Tine.*

The opinion of the court was delivered by

BODINE, J. The present proceeding was instituted under *Pamph. L.* 1941, *ch.* 291; *R. S.* 54:29A–41–42 to determine whether certain property of the petitioner was properly assessed for taxes for the year 1943 by the state as property used for railroad purposes, or by the City of Jersey City as property used for other purposes.

The property consists of a piece of the terminal lands of the Erie Railroad Company at the foot of Pavonia Avenue in Jersey City, having an area of 32,886 square feet or .755 acres, and a six story brick and concrete building erected thereon. The building was formerly known as the "Standard Milling Building" but is now designated by the Erie Railroad Company as Dock 2 Warehouse.

The land and building were assessed by the State Tax Commissioner for taxes for the year 1943 as property used for railroad purposes, the land as part of a large parcel described as Block 16, Lot B 10, and the building as a six story brick and concrete warehouse. The land and building were also assessed by the City of Jersey City for taxes for the year 1943, being described for assessment by the city as Block 16, Lot B 10. The value of the property is not involved in this proceeding.

Only about eight per cent. of the property is used for railroad purposes; the balance of the property is leased as a warehouse and produces a considerable tax reduced revenue to the petitioner. We are not unmindful of the case of *Lehigh Valley Railroad Co. v. Jersey City,* 80 *N. J. L.* 298, but think that case rests upon other provisions of law and that it is not applicable to the present legislation which contemplates a different result. See *Hoboken v. State Board Equalization of Taxes,* 83 *N. J. L.* 784.

*R. S.* 54:29A–41 provides as follows: "State and local assessment of same property. If property of a taxpayer has or shall have been, in any year, assessed by the local authorities of a taxing district, and has or shall have been also assessed by the State Tax Commissioner as property used for railroad purposes, the Supreme Court or any three justices thereof, assigned by the Chief Justice, shall determine, in a

summary manner, the character of the property and whether used for railroad purposes and by whom it has lawfully been assessed. This determination shall be made whether the taxes in question have been paid or not and whether a *certiorari* to review either assessment has been granted or not."

R. S. 54:29A–4–7–11 are as follows: "4. Property not used for railroad purposes. All the property of a railroad company not used for railroad purposes shall be assessed and taxed by the same assessors, in the same manner and at the same rate as the taxable property of other owners in the same taxing district."

"7. Property taxable; rate. There is hereby levied an annual property tax upon all property used for railroad purposes at the rate of three per centum (3%) upon the true value thereof. The tax hereby imposed shall be assessed by the State Tax Commissioner, in the manner hereinafter provided, for the year one thousand nine hundred and forty-one and for each year thereafter."

"11. Assessment in lieu. Taxes assessed pursuant to this act shall be in lieu of all other state or local taxation of or measured by property taxable hereunder, other than assessments for benefits."

We can discern no legislative purpose to treat railroad property not used for railroad purposes differently from the property of other owners. Assume that the X corporation has a warehouse in Jersey City and that the local tax rate is five per cent. on assessed valuation: the railroad owns a like warehouse requiring as much protection as the other. Because an office is maintained in one corner a rate of three per cent. prevails not collectible by the city but by the state. Clearly, the legislature intended no such benefit to the railroad owner. The lands and buildings should be assessed locally in proportion to the actual use not incidental to railroad purposes.

Let a judgment be entered accordingly.